UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM LINTVELT,<br><br>              Plaintiff,<br><br>     v.<br><br>KENNETH SNYDER,<br><br>              Defendant. | No. 2:23-cv-2253-DJC-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 9, 12, 18.) |

Plaintiff Abraham Lintvelt, who proceeds without the aid of counsel, alleges Defendant California Highway Patrol (CHP) Officer Kenneth Snyder violated Plaintiff's Fourth Amendment rights during a March 2019 traffic stop.[1] (ECF No. 1.) Defendant now moves for judgment on the pleadings, arguing that Plaintiff's claims are barred by the statute of limitations. (ECF No. 9.) Plaintiff opposes the motion and separately submits an amended complaint, which the Court construed as a motion to amend his Complaint. (ECF Nos. 12, 13.) The Court took the motions under submission without a hearing. (ECF No. 17.)

For the reasons that follow, the Court recommends Defendant's motion for

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P 72, and Local Rule 302(c)(21).

1

judgment on the pleadings be GRANTED, Plaintiff's motion to amend be DENIED, and the case be DISMISSED WITH PREJUDICE.

I. BACKGROUND

A. Facts[2]

Plaintiff alleges that on March 25, 2019, Defendant California Highway Patrol Officer Kenneth Snyder conducted a traffic stop and search of Plaintiff's car. (Compl. at 5.) When Plaintiff asked why, Defendant allegedly said it was because Plaintiff said he drove from Hayfork. (*Id*. at 5-6.) The complaint further alleges Defendant lied on a police report and submitted fraudulent claims as evidence, though it does not provide further detail. (*Id*. at 6.) Plaintiff alleges other unnamed officers were involved "but probably acted on [Defendant's] fraudulent claims." (*Id*.) The complaint alleges "no traffic citations were later issued," and the "[p]rosecution dismissed the case September 16, 2020." (*Id*.) Plaintiff alleges he was incarcerated, had $250,000 of personal possessions stolen (by a non-party), and suffered mental anguish. (*Id*.) The complaint's claim is styled as "fraud to deprive [Plaintiff] of [his] 4th Amendment rights." (*Id*. at 4.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 6.)

B. Procedural Background

Plaintiff filed his Complaint on October 5, 2023. (ECF No. 1.) Defendant filed his Answer on January 10, 2024 (ECF No. 6) and moved for judgment on the pleadings on January 22, 2024, arguing that Plaintiff's claims are barred by the statute of limitations (ECF No. 9). Plaintiff opposed judgment on the pleadings (ECF No. 10), and Defendant replied (ECF No. 11). On February 12, 2024, Plaintiff filed an Amended Complaint (ECF No. 12), which the Court construed as a motion to amend (ECF No. 13) and which Defendant opposed (ECF No. 16). After the Court took both motions under submission

---

[2] These facts primarily derive from the original Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

(ECF No. 17), Plaintiff filed a request to submit a "reply" and exhibits in support of his opposition to Defendant's motion for judgment on the pleadings. (ECF Nos. 18, 18-1, 19.) Defendant did not oppose Plaintiff's request, and the Court therefor grants Plaintiff's request to submit his supplemental brief and exhibits. The Court has therefore considered all of Plaintiff's and Defendant's submissions in making the following findings and recommendations.

## II.     LEGAL STANDARDS

After the pleadings are closed, a defendant may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Gregg v. Hawaii Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). In considering a Rule 12(c) motion, the allegations of the non-moving party must be accepted as true and viewed in a light most favorable to that party. *Id*.; *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 977 (9th Cir. 2007). Pro se pleadings are to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate post *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint," or "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071. A judgment on the pleadings is properly granted when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg*, 870 F.3d at 887 (reviewing judgment on the pleadings where the plaintiff's claims were time barred).

Unless a party is entitled to amend its pleading as a matter of course, amendment of a pleading requires either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2). The court is to give leave when justice requires. *Id*. at 15(a)(2). This leave is limited, however, where the opposing party may suffer undue prejudice, there is bad faith by the movant, futility, or undue delay. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

Prior to dismissal, the court is to tell plaintiff of any deficiencies in the complaint

and provide an opportunity to cure—if it appears at all possible the defects can be corrected. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). Although the court may not consider an opposition brief to determine the propriety of a Rule 12 motion, it may consider allegations raised in opposition when deciding whether to grant leave to amend. *Cf. Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *with Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

## III.     DISCUSSION

### A.     Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings under Rule 12(c), arguing that Plaintiff's claims are barred by the statute of limitations. A motion for judgment on the pleadings can only be filed after the pleadings are "closed." Fed. R. Civ. P. 12(c). For Rule 12(c) purposes, the pleadings are closed after the answer is filed. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (pleadings are closed once a complaint and answer have been filed). The Court finds at the outset that Defendant's motion is properly brought as a motion for judgment on the pleadings because it was filed after Defendant filed his Answer.[3] *See id.*

Liberally construed, the Complaint alleges a Fourth Amendment violation based on the March 2019 search of Plaintiff's vehicle by Defendant CHP Officer Snyder and a claim based on a falsified police report by Officer Snyder. (Compl. at 5-6.) Allegations of

---

[3] The fact that Plaintiff filed a motion to amend with a proposed amended complaint does not re-open the pleadings. Under Rule 15(a)(1), a plaintiff may amend his complaint as a matter of course either within 21 days after serving the complaint or within 21 days after service of a responsive pleading (e.g., an answer) or a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). Absent amendment as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendant filed and served his Answer on January 10, 2024. (ECF No. 6.) After the time period for amending as a matter of course expired, Plaintiff filed a motion to amend with the proposed Amended Complaint on February 12, 2024.

4

a falsified police report are interpreted as a Fourteenth Amendment due process claim. *See Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015); *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

Plaintiff has alleged constitutional violations by a state law enforcement officer, which are brought under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). To state a claim for relief under Section 1983, a plaintiff must allege the defendant: (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

The statute of limitations for Section 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to Section 1983 claims. *Id.*; *see* Cal. Code Civ. P. § 335.1. Further, due to the COVID-19 pandemic, the California legislature tolled all statutes of limitations for 180 days between April 6 and October 1, 2020, and this tolling has been held to apply to Section 1983 claims. *See People v. Fin. Cas. & Sur., Inc.*, 73 Cal. App. 5th 33, 39 (2021) (*citing* Cal. Emergency R. 9); *see also Pumphrey v. Battles*, 2023 WL 1769185, at *5 (N.D. Cal. Feb. 3, 2023) (finding Emergency Rule 9 applicable to Section 1983 claims).

The first step in a statute of limitations analysis is to determine when the claims accrued, which is "when a plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see Miller v. Najera*, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020). Here, for any claim of unreasonable search, the statute of limitations began to accrue on March 25, 2019[4]—the

---

[4] The Court notes that Plaintiff's supplemental brief and exhibits submitted in opposition to the motion for judgment on the pleadings provides March 21, 2019 as the date of the

date of Plaintiff's traffic stop (Compl. at 5). *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs . . . even if the person does not know at the time that the search was warrantless.") (citations omitted). Plaintiff's due process claim based on the allegedly falsified police report accrued when the charges against him were dismissed on September 16, 2020 (Compl. at 6). *See Bradford*, 803 F.3d at 387 (holding that accrual date for allegedly fabricated evidence claims is the date the charges were fully and finally resolved); *Easley v. Cnty. of El Dorado*, 2010 WL 4569137, at *8 (E.D. Cal. Nov. 3, 2010) (finding criminal case resolved on the date of the dismissal of the charges for purposes of resolving accrual issue on fabrication of evidence claim).

The second step is determining when the plaintiff was required to have filed his complaint raising his claims. Based on the underlying March 2019 and September 2020 accrual dates, California's Emergency Rule 9 applies because the statute of limitations time period for each claim includes Rule 9's COVID-19 time period for tolling. Plaintiff has the burden to establish he is entitled to any further tolling of the statute of limitations, and he has not met this burden. *See Brown v. Collins*, 848 F. App'x 752, 753 (9th Cir. 2021) (*citing Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980)); *see also Branson v. U.S. Forest Serv.*, 2023 WL 35987, at *4 (E.D. Cal. Jan. 4, 2023) (finding plaintiff failed to meet his burden to show facts supporting tolling under Cal. Civ. P. § 352.1 or other tolling statutes). Defendant correctly argues that Plaintiff is not entitled to tolling under California Code of Civil Procedure (CCP) § 352.1, which tolls the statute of limitations for up to two years for a plaintiff whose cause of action accrues while he is imprisoned on criminal charges for a term less than life. (Def. Mot. Judgt Pleadings at 4-5 (ECF No. 9-1).) Plaintiff's response to this argument, that his detention in two different

---

traffic stop and search by CHP Officer Snyder. (Pl. Reply at 13 (ECF No. 18-1); Pl. Exh. A (ECF No. 19).) This factual inconsistency is not material as it does not change the statute of limitations analysis or any other analysis.

county jails funded by the state qualifies him for tolling, misses the point. (Pl. Supp. Br. at 10-11.) It is not the funding source of the jail that determines whether tolling under CCP Section 352.1 applies, but the type and purpose of the detention. Under California law, CCP Section 352.1 tolling does not apply to pre-trial detention. *See Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553 (9th Cir. 2020) (affirming district court finding that CCP § 352.1 does not apply to pre-trial detention). The Complaint alleges that Plaintiff was detained and that the criminal charges against him were dismissed on September 16, 2020. (Compl. at 6.) Plaintiff does not allege in his Complaint, or contest in any of his briefs, that his detention was anything but pre-trial detention. Therefore, the Court applies the two-year statute of limitations for Section 1983 claims in California and adds the 180-day tolling period under California's Emergency Rule 9 for both claims. As such, the statute of limitations for Plaintiff's Fourth Amendment claim expired on September 21, 2021, which is two years and 180 days after the March 25, 2019 search. The statute of limitations for Plaintiff's due process claim expired on March 15, 2023, which is two years and 180 days after September 16, 2020, when charges against Plaintiff were dismissed.

  Plaintiff filed his Complaint on October 5, 2023, which is over two years late for his Fourth Amendment claim and almost seven months late for his due process claim. (*See* ECF No. 1.) Thus, Plaintiff's Section 1983 claims are time-barred. *See Bonelli*, 28 F.4th at 952; *Bradford*, 803 F.3d at 387. All of Plaintiff's arguments to the contrary fail. First, Plaintiff's argument that different statutes of limitation should apply have been foreclosed by law. *See McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991) (rejecting application of Cal. Code Civ. P. §§ 338 and 343 statute of limitations to Section 1983 claims). Second, Plaintiff's argument that his cause of action has yet to accrue because he is still being damaged by Defendant's alleged conduct, is unavailing. This argument was foreclosed by the courts long ago. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only

after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.") (internal citations omitted).

Finally, to the extent Plaintiff is trying to re-fashion his claims as state law fraud claims or to re-fashion his Section 1983 claims as based on fraud,[5] both of these attempts fail. (*See* Pl. Opp. at 3; Pl. Supp. Br. at 3-5.) Fraud is a state law claim and "cannot form the sole basis for a section 1983 action." *See Spearman v. Sacramento County*, 2022 WL 1104230, at *1 (E.D. Cal. Apr. 13, 2022) (noting that "a claim for fraud does not implicate the constitution or laws of the United States"). Further, federal courts are courts of limited jurisdiction and Plaintiff fails to meet his burden to establish jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court lacks subject matter jurisdiction over a state law fraud claim based on the lack of a federal question and the lack of diversity of the parties. *See* 28 U.S.C. §§ 1331, 1332; *see also Kokkonen*, 511 U.S. at 377.

In conclusion, the Court recommends granting Defendant's motion for default judgment because Defendant is entitled to judgment as a matter of law where the sole claims raised in the Complaint are Section 1983 claims and these claims are time barred.

### B.   Plaintiff's Motion to Amend the Complaint

Plaintiff moves to amend his complaint to add as defendants two law enforcement officers from the Trinity County Sherriff's Office who allegedly responded to the March 2019 traffic stop to assist CHP Officer Snyder; present CHP Officer Snyder's conduct as violations of 18 U.S.C §§ 241, 242, and 245; allege that events ended on February 28, 2023[6]; and add allegations providing details of Plaintiff's pretrial detention in Trinity County Jail and Yuba County Jail. (Pl. Mot. Amend at 3-6.) Despite these proposed

---

[5] It is unclear exactly what Plaintiff is arguing related to fraud. (*See* Pl. Opp.; Pl. Supp. Br.)
[6] In his original Complaint, Plaintiff alleged that events ended on September 16, 2020. (Compl. at 5.)

amendments, the bases for Plaintiff's claims remain the same as the original Complaint: the March 2019 traffic stop and search, and Officer Snyder's allegedly falsified police report. (*See id.*)

Ordinarily, the Court liberally grants a pro se plaintiff leave to amend. *Lopez*, 203 F.3d at 1130-31. However, because Plaintiff cannot cure the above deficiencies regarding his untimely claims, amending the complaint is futile, leave to amend should be denied, and the action should be dismissed. *See Cahill*, 80 F.3d at 339.

First, though the proposed Amended Complaint offers new facts, Plaintiff offers no new facts or arguments to make his Section 1983 claims timely.[7] (*See* Pl. Mot. Amend.) In fact, some of the new allegations further confirm that Plaintiff's claims are untimely. For example, the proposed Amended Complaint adds new allegations regarding Plaintiff's pretrial detention, which confirm that Plaintiff is not entitled to tolling of the statute of limitations under CCP Section 352.1. *See Shaw*, 810 F. App'x 553.

Second, Plaintiff's argument that a longer statute of limitations period of either three years under CCP § 338 or four years under CCP § 343 fails. (Pl. Opp. at 3 (ECF No. 10).) The Ninth Circuit has already expressly rejected this argument for Section 1983 claims. *See McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991).

Third, to the extent Plaintiff argues that his claims are state law fraud claims or that the Court should construe his Section 1983 claims as claims based on fraud, these arguments also fail as described above. *See supra* Section III.A.

Fourth, like the original Complaint, the March 2019 search and Officer Snyder's allegedly falsified police report remain the bases for the proposed Amended Complaint. As a result, the proposed Amended Complaint's reference to February 28, 2023 as the

---

[7] In his supplemental brief responding to Defendant's motion for default judgment, Plaintiff improperly attempts to allege new Constitutional violations arising from the same underlying conduct by CHP Officer Snyder, including violations of the First, Fifth, Sixth, Eighth, and Fifteenth Amendments. (Pl. Supp. Br. at 4.) Plaintiff may not amend his Complaint by raising new allegations in his supplemental brief. Regardless, this does not change the analysis because any Constitutional violation alleged would be raised through a Section 1983 claim with the same statute of limitation rules and analysis.

1  date when the events "came to a conclusion" does not change when Plaintiff's claims
2  actually accrued. *See supra* Section III.A; *Wallace*, 549 U.S. at 391. Instead, this new
3  allegation appears to be an overt attempt to circumvent the statute of limitations raised in
4  Defendant's motion for judgment on the pleadings. Regardless, any legally frivolous
5  assertions need not be accepted for purposes of whether to grant amendment. *See*
6  *Paulsen*, 559 F.3d at 1071.

7        Finally, Plaintiff's citation to 18 U.S.C §§ 241, 242, and 245 in the proposed
8  Amended Complaint are unhelpful because these federal criminal statutes do not
9  provide the basis for a civil cause of action. *See Allen v. Gold Country Casino*, 464 F.3d
10 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes,
11 including 18 U.S.C. §§ 241 and 242); *see also Channel v. Wilkie*, 2019 WL 5720311, at
12 *8 (E.D. Cal. Nov. 5, 2019) (no private right of action under 18 U.S.C. § 245).

13       Therefore, Plaintiff's Section 1983 claims remain time barred and the proposed
14 Amended Complaint does not cure these deficiencies. Leave to amend the complaint
15 should be denied and the Complaint should be dismissed with prejudice. *See Cahill*, 80
16 F.3d at 339.

## ORDER AND RECOMMENDATIONS

18       Accordingly, it is hereby ORDERED that Plaintiff's motion to submit a late-filed,
19 supplemental brief and exhibits (ECF Nos. 18, 18-1, 19) on Defendant's motion for
20 judgment on the pleadings is GRANTED. Further, it is RECOMMENDED that:
21     1. Defendant's motion for judgment on the pleadings (ECF No. 9) be GRANTED;
22     2. Plaintiff's motion to amend the complaint (ECF No. 12) be DENIED;
23     3. The action be DISMISSED WITH PREJUDICE; and
24     4. The Clerk of Court be directed to CLOSE this case.
25 These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days
27 after being served with these findings and recommendations, any party may file written
28 objections with the Court and serve a copy on all parties. This document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 6, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, lint.2253