UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM LINTVELT,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH SNYDER,<br><br>        Defendant. | No. 2:23-cv-2253-DJC-CSK PS<br><br>ORDER<br><br>(ECF Nos. 9, 12, 18, 21.) |

On May 6, 2024, the Magistrate Judge filed findings and recommendations recommending Plaintiff's complaint be dismissed on the grounds it is time-barred. (ECF No. 21.)  These findings and recommendations were served on the Parties and contained notice that any objections were due within 14 days.  (*Id.*)  Plaintiff filed objections on May 20, 2024.  (ECF No. 22.)

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has reviewed the file *de novo* and agrees that Plaintiff's claims are time-barred.  Accordingly, for the reasons below, the Court will adopt the Magistrate Judge's recommendations.

Plaintiff Abraham Lintvelt alleges that on March 25, 2019, Defendant California Highway Patrol Officer Kenneth Snyder conducted a traffic stop and search of his car. (ECF No. 12 at 5.)  Plaintiff alleges that, following the search, he was placed under

1

arrest and taken for processing at the Trinity County Jail in Weaverville, California. (*Id.* at 5–6.) Plaintiff alleges Defendant lied on the police report about the reasons for the stop and search. (*Id.*) Plaintiff alleges he was detained at the Trinity County Jail for 88 days. (*Id.* at 6.) Plaintiff alleges that immediately following his release from the Trinity County Jail, he was arrested by I.C.E. and detained for another 45 days at the Yuba County Jail in Marysville, California. (*Id.*; ECF No. 22 at 5.) Plaintiff alleges the claims against him were dismissed on September 16, 2020. (ECF No. 12 at 6.) Based on these allegations, Plaintiff brought two claims against Defendant on October 5, 2023, under 42 U.S.C. § 1983 for (1) unreasonable search under the Fourth Amendment and (2) due process violations under the Fourteenth Amendment. (ECF No. 21 at 4–6.)

Federal courts in California apply the state's two-year statute of limitations for personal injury actions to section 1983 claims. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). In addition, because of the COVID-19 pandemic, the California legislature tolled all statutes of limitations for 180 days between April 6 and October 1, 2020; this tolling applies to section 1983 claims. *See People v. Fin. Cas. & Sur., Inc.*, 73 Cal. App. 5th 33, 39 (2021).

Plaintiff's Fourth Amendment claim accrued on March 25, 2019, the date of his traffic stop, while his due process claim accrued on September 16, 2020, the date his charges were dismissed. (ECF No. 21 at 5–6.) Thus, unless Plaintiff's claims are subject to any other applicable tolling, the statute of limitations for Plaintiff's Fourth Amendment claim expired on September 21, 2021, two years and 180 days after March 25, 2019, and the statute of limitations for Plaintiff's due process claim expired on March 15, 2023, two years and 180 days after September 16, 2020. (*Id.* at 7.)

Plaintiff argues he is entitled to tolling under California Civil Procedure § 352.1, which provides "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." (*Id.* at

2

6–7.) Plaintiff argues he is entitled to an extra 133 days of tolling because, following his traffic stop, he was detained for 88 days in the Trinity County Jail, and, immediately after, was detained for 45 days in the Yuba County Jail. (ECF No. 12 at 6; ECF No. 18-1 at 11; ECF No. 22 at 5.)

The Magistrate Judge found Plaintiff is not entitled to tolling under section 352.1(a) because, under California law, section 352.1(a) tolling does not apply to pre-trial detention. (ECF No. 21 at 7.) As the California Court of Appeal has held, tolling under section 352.1(a) is available only if the plaintiff is serving a term of imprisonment "in the state prison" at the time of accrual. *Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018), *reh'g denied* Apr. 11, 2018, *review denied* June 13, 2018. The appellate court specifically held that pre-trial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under section 352.1(a). *Id.* at 597. Thus, because Plaintiff filed his complaint on October 5, 2023, over two years late for his Fourth Amendment claim and almost seven months late for his due process claim, the Magistrate Judge held Plaintiff's claims are time-barred. (ECF No. 21 at 7.)

However, *Austin's* holding conflicts with prior Ninth Circuit authority in *Elliott v. Union City*, 25 F.3d 800 (9th Cir. 1994), which held that a person "held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment . . . [thus] actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3) [the precursor to § 352.1(a)], which covers all post-arrest custody." *Id.* at 803 (quotations omitted). Under *Elliott*, a plaintiff held in continuous pre-trial custody following arrest could benefit from tolling under section 352.1(a). As the Ninth Circuit has reasoned, courts should "follow a published intermediate state court decision regarding California law unless [it is] convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). That said, the Ninth Circuit recently issued a detailed opinion which analyzed the appellate court's reasoning in *Austin*, and held that *Elliott*, not *Austin*, controls in federal court because "[c]onvincing evidence exists that the

3

California Supreme Court, in interpreting § 352.1(a), would not follow *Austin*." See *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998, at *2 (9th Cir. Sept. 5, 2023). Since *Mosteiro* issued, district courts have applied *Elliott*, not *Austin*, when analyzing tolling. *See, e.g.*, *Prescott v. Contra Costa County*, No. 24-cv-01660-HSG, 2024 WL 3090489 (N.D. Cal. June 21, 2024); *Frias v. County of San Diego*, No. 3:22-CV-00675-JO-AHG, 2023 WL 8285195 (S.D. Cal. Nov. 29, 2023); *Robinson v. County of San Bernardino*, No. EDCV 23-0836-DMG-PVC, 2023 WL 9420507 (C.D. Cal. Sept. 26, 2023).

Under *Elliott*, the Court holds that Plaintiff is entitled to tolling under section 352.1. However, only Plaintiff's first claim under the Fourth Amendment accrued while Plaintiff was in pre-trial custody. Plaintiff was released from the Yuba County Jail in August 2019, while his due process claim accrued in September 2020. Thus, only his Fourth Amendment claim benefits from an extra 133 days of tolling. Nevertheless, this added time is insufficient to make Plaintiff's claim timely, as, even with 133 extra days, Plaintiff's Fourth Amendment claim expired on February 1, 2022, over a year before he filed his complaint on October 5, 2023. Plaintiff's claims are time-barred.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 21) are ADOPTED;
2. Defendant's motion for judgment on the pleadings (ECF No. 9) is GRANTED;
3. Plaintiff's motion to amend the complaint (ECF No. 12) is DENIED;
4. The action is DISMISSED WITH PREJUDICE; and
5. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __**July 12, 2024**__

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE